**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6305

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC HAMMONS ALLEN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:02-cr-00750-TLW-2; 4:16-cv-01569-TLW)

Submitted:  August 30, 2019                    Decided:  September 13, 2019

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eric Hammons Allen, Jr., Appellant Pro Se. Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Hammons Allen, Jr., seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We have independently reviewed the record and conclude that Allen has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We deny Allen's motion for appointment of counsel. We dispense with oral

---

[*] After the district court entered its judgment, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition of crime of violence in 18 U.S.C. § 924(c)(3)(B) (2012) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336; *accord United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc), *petition for cert. docketed*, 87 U.S.L.W. 3427 (U.S. Apr. 24, 2019) (No. 18-1338). However, we recently held that Hobbs Act robbery qualifies as a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A), which remains intact after *Davis*. *See United States v. Mathis*, _ F.3d _ , No. 16-4633, 2019 WL 3437626, at *16 (4th Cir. July 31, 2019).

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*